## J. K. WILSON v. LEWIS LAWSON.

**Promissory Note—Credits—Interest.**
    Where it is provided in a promissory note that interest shall be paid
    at the rate of six per cent., and payments are made on said note, any
    such payments in excess of such interest must be held as payments
    on the principal; and the fact that the holder of the note credits them
    as for interest only will not prevent them from being used to reduce
    the principal.

### APPEAL FROM MERCER CIRCUIT COURT.

#### May 31, 1877.

OPINION BY JUDGE ELLIOTT:

On the 29th day of February, 1868, the appellant and S. S. Fat-
ridge executed their promissory note to appellee, by which they
promised one day after date to pay him the sum of six hundred dol-
lars. On this note is indorsed that the interest of the note had been
paid up to 1871, and that for the years 1872-74 sixty dollars each
year had been paid as interest on the note. This suit having been
brought to collect the balance of the note, Wilson filed his answer,
in which he stated that the note sued on only bore six per cent. in-
terest and that he had paid sixty dollars per year since its execution,
which were indorsed on it as payments of interest. He stated further
that in 1872 he paid some sixty dollars, for which he had received
no credit, and also $56.50 since that time, for which he had received
no credit, and that the indorsement on the note of these credits as
payments of interest was made by mistake.

On these pleadings the parties went to trial, which resulted in a
verdict and judgment for the appellee for the sum of $325.43, which
added to $324.15, which had been adjudged by the court with inter-
est from the 21st of February, 1874, made the sum of $649.58.
After the trial the appellee remitted $25.43, after verdict of the
jury.

We are of opinion that the appellee was only entitled to six per
cent. interest on the note sued on in this action, and although the

partial payments are indorsed on the note as payments of interest only, yet if their amounts exceeded the interest, they went to reduce the amount of the principal, for although the appellant may have agreed to pay ten per cent. interest, he was not bound to stand by the agreement when sued on the note, but had a right to repudiate the agreement and demand that appellee's claim should only bear six per cent. interest from the time it fell due, and that he, appellant, should have credit for each partial payment made by him at the time made and for the amount paid, and if these partial payments more than extinguished the interest the excess should have been credited on the principal of the claim, unless there was an agreement made between the parties after the passage of the ten per cent. interest law of 1871, which agreement must have been in writing, signed by the party to be charged thereon to pay and receive more than six per cent. per annum interest on appellee's claim.

There was no proof in this case which authorized the appellee to receive more than six per cent. interest on his claim, and as he admitted the most of appellant's payments they should have gone to extinguish first the interest on the claim calculated at six per cent. and then the principal of the debt.

The appellant asked the court to instruct the jury as indicated in this opinion, which, as we conceive, was erroneously refused, and therefore the judgment is *reversed and cause* remanded for further proceedings not inconsistent with this opinion.

*Thompsons, for appellant.    Kyle & Paston, for appellee.*